43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Edward HALL, Plaintiff-Appellant,
v.
Joseph HAUGHAIN, individually and in his official capacity
as Grievance Officer employed by the Office of the
Colorado Attorney General, Defendant-Appellee.
 No. 94-1443.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1994.
 
 ORDER and JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Hall is a state inmate and pro se litigant. He filed a 42 U.S.C.1983 action which was dismissed with prejudice for failure to state a claim. Mr. Hall appeals this decision, and we affirm.
 
 
 3
 Mr. Hall filed this action against a Colorado grievance officer. The Colorado Department of Corrections created an inmate grievance system through a series of regulations. This grievance system establishes certain procedures for the administrative resolution of inmate complaints. The gist of Mr. Hall's complaint was that the defendant deliberately failed to follow the time standards of the grievance system as established in the regulations "and in doing so arbitrarily deprived Plaintiff of a protected liberty interest."
 
 
 4
 The complaint was referred to a magistrate judge who opined that the state's establishment of procedural guidelines did not create an independent substantive constitutional right and that plaintiff's complaint failed to show any injury. The recommendation was to dismiss the complaint with prejudice. Mr. Hall objected to this report and recommendation, asserting the grievance procedure imposed limits upon the discretion of the prison officials and consequently bestowed upon him a liberty interest.
 
 
 5
 The district court disagreed with Mr. Hall and concluded his objections lacked merit. The district court opined the regulations are merely guidelines governing the time frame in which the grievance officer should respond to a grievance and concluded the regulations at issue did not vest in Mr. Hall a federally protected right to a disposition of his case within the specified time frame.[2] The district court then adopted the recommendation of the magistrate judge and dismissed the complaint with prejudice.
 
 
 6
 Mr. Hall appeals this decision asserting the district court erred: (1) in sua sponte dismissing the complaint prior to service upon defendant and without providing him opportunity to amend; (2) in concluding Mr. Hall had suffered no harm; (3) in failing to appoint counsel for Mr. Hall; (4) in concluding the regulations failed to create a liberty interest; and (5) by failing to find the regulation was enforced against a particular class in a discriminatory manner. In this decision we address only the issue of whether these regulations create in Mr. Hall a liberty interest.
 
 
 7
 The district court, in effect, concluded the complaint failed to state a claim upon which relief could be granted and that the deficiencies of the complaint could not be cured by amendment. We must accept Mr. Hall's well pleaded allegations as true, and we may affirm the district court's dismissal only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with [Mr. Hall's well-pleaded] allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In the present context, the phrase "well-pleaded" means factual allegations as opposed to mere conclusions.
 
 
 8
 We view Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989), as being dispositive. There, the Supreme Court held that in order for a state to create a protected liberty interest[3] in the prison context, the applicable state regulations must use "explicitly mandatory language" in connection with the establishment of "specific substantive predicates" to limit official discretion, and thereby require that a particular outcome be reached upon a finding that the relevant criteria have been met. Id. at 462-63. In the absence of such substantive limitations on prison officials' discretion, no liberty interest is created. Id. at 462; see also Olim v. Wakinekona, 461 U.S. 238, 249 (1983).
 
 
 9
 We therefore turn our attention to the regulations at issue in order to determine their import under Thompson. Colorado Department of Corrections Administrative Regulation 850-4 provides an inmate "with the authorized channel for the administrative settlement of a legitimate complaint." It provides that grievances will be processed in "no more than three steps." Step one is the investigation by a staff member; step two is the investigation by the superintendent; and step three is a review by the grievance officer. The grievance officer is empowered either to deny the grievance and terminate the process, or to "make a recommendation for relief to the Executive Director." Mandatory time limits are established for responses at each step ("[a]ll grievances shall be responded to ... within the following time limits").
 
 
 10
 We turn now to the facts as set forth in Mr. Hall's complaint. While Mr. Hall alleged two separate violations of the time limits established in the regulations, it bears repeating that his complaint only relates to the timeliness of the responses, and not to the lack of any response at all. Stated alternatively, Mr. Hall does not challenge the substantive decisions of the defendant, only the timeliness of the responses. In the first incident, Mr. Hall alleged he filed a step two grievance, which contains a thirty-day time limit, and when defendant failed to respond, Mr. Hall filed a step three grievance, which contains a twenty-five-day time limit for a response. Mr. Hall asserts the defendant was twenty-one days late in responding. In the second incident, Mr. Hall alleges he filed a step three grievance and defendant was nineteen days late in responding to it. In both cases, defendant denied relief to Mr. Hall.
 
 
 11
 The first grievance related to a claim that Mr. Hall was denied access to certain records. This grievance was denied under the authority of a separate regulation permitting the denial of the records Mr. Hall sought.
 
 
 12
 The second grievance related to Mr. Hall's allegations that he was not let out of his cell for meals on several occasions. We quote the response:
 
 
 13
 The evidence leads to a conclusion that chow was called and everyone except you heard it, or at least everyone else responded. It appears most likely that you failed to let yourself out of your cell despite your having had the same opportunity as everyone else, then were still in your cell when the unit was secured upon everyone else leaving for chow. There is no indication that staff are responsible for this occurrence.
 
 
 14
 ....
 
 
 15
 Your grievance is denied. If you disagree with this result you may seek assistance of an attorney and/or file a lawsuit.
 
 
 16
 Summarizing, it is clear the Colorado regulations require a timely response to an inmate grievance. It is also clear that the regulations at issue require no particular result. In short, the grievance officer is given the power to investigate and then to terminate the grievance or to recommend further action. The regulations do not require action by the executive. Thus, while Mr. Hall may have been deprived of a timely response, he has been deprived of no other "right" bestowed by the regulations.
 
 
 17
 Under Thompson, it is clear the lack of a timely response, standing alone, does not amount to a deprivation of a federal constitutional right. The answer may well be different were the regulations to assure or mandate some corrective action by the prison officials. The only actions assured to the inmate by these regulations, however, is a timely response to the inmate's grievance. We do not know what reason, if any, delayed the response. While it ill behooves a state actor not to follow the state's own time constraints, this failure does not amount to a violation of Mr. Hall's federal rights under the facts of this case.[4] In Thompson, the Supreme Court held that the most common manner in which a state creates a liberty interest is by establishing substantive predicates to govern official decision making, and further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met. Both of these elements are lacking in the case before us.
 
 
 18
 Mr. Hall's remaining assignments of error merit no discussion as they lack any merit. Because amendment of the complaint cannot cure the defect here, dismissal with prejudice was proper.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note the record on appeal fails to contain the subject regulations. We also note the magistrate judge failed to include the language of the regulations in his report and recommendation and further failed to attach a copy thereto. Without having any of the specifics, a report and recommendation of a magistrate judge is of little help or use to either the district court judge or this court
 
 
 [3]
 Liberty interests are not created by the Constitution, but rather, are creatures of state law. See Hewitt v. Helms, 459 U.S. 460, 469 (1983)
 
 
 [4]
 This is not to say Mr. Hall is completely powerless to enforce these time constraints; in fact, such relief may be available under state law by way of an injunctive order. All we hold here is that Mr. Hall has no federal constitutional right to enforce these limitations